■ TRAVELERS INSURANCE COMPANY et al., Respondents-Appellants, v ONONDAGA COUNTY SOLID WASTE DISPOSAL AUTHORITY, Appellant-Respondent. (Appeal No. 1.)—Judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: Defendant appeals and plaintiffs cross-appeal from a judgment in favor of plaintiffs on their claim for economic damages. Plaintiffs allege that defendant's negligence and breach of contract caused fire damage to, and loss of use of, two bulldozers. Plaintiffs' claim arises out of a fire that occurred at a landfill following defendant's delivery of a "hot" compacted load of trash. Following a bench trial, the court found defendant negligent and accepted plaintiff's proof of damages, but also found plaintiff landfill 50% contributorily negligent and consequently reduced plaintiff's recovery by one-half.

The court erred in finding defendant negligent. The unequivocal testimony was that hot loads are frequently delivered to the landfill; that the practice is so frequent that the landfill has developed procedures and keeps equipment on hand to deal with that problem; and that the landfill never rejects hot loads. Thus, it was not established that defendant had a duty to refrain from delivering hot loads. Moreover, the proof was insufficient to show that defendant was at fault in delivering the hot load in this case. The unrefuted testimony established that the nature of the load was not apparent until the landfill's employees broke up the compacted load with their bulldozers, thereby exposing whatever was smoldering to the air and causing the load to burst into flames. No evidence was adduced to establish what caused the material to smolder. The only relevant testimony was that defendant operated a transfer station in which it compacted the trash delivered by private haulers. Thus, there is no evidence by which it can be inferred that defendant created the hazard or had actual or constructive knowledge that the load was hot.

Similarly, defendant cannot be held liable on a contract theory. The contract definition of "solid waste" does not unequivocally prohibit the dumping of hot loads at the landfill. Given the uncontroverted evidence that the landfill routinely accepts hot loads and in fact never rejects loads on that basis, we cannot conclude that defendant was under a contractual duty to refrain from delivering hot loads.

Because the court's imposition of liability against defendant cannot be sustained on either a negligence or contract analysis, the judgment for plaintiffs must be reversed and the complaint dismissed. In light of our disposition, it is unnecessary to consider the remaining contentions of the parties. (Appeals from Judgment of Supreme Court, Onondaga County, Mordue, J.—Negligence.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.